UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| IN RE: | District Court Case No. 1:06-CV-253 |
| | HON. GORDON J. QUIST |
| LUCRE, INC., | |
| | Bankruptcy Court |
| Debtor. | Case No. HG 05-21732 |
| _____/ | |

## OPINION

Debtor, Lucre, Inc. ("Lucre"), has appealed the United States Bankruptcy Court's March 20, 2006, order granting in part Appellee Michigan Bell Telephone Company, d/b/a SBC Michigan's ("SBC"), motion for relief from stay. In particular, the bankruptcy court concluded that the automatic stay should be modified only to allow SBC to proceed in Kent County Circuit Court and, if necessary, before the Michigan Public Service Commission, to seek the dissolution of two injunctions imposed by the Kent County Circuit Court against SBC with respect to SBC's discontinuation of services under its interconnection agreement with Lucre. Presently before the Court is SBC's motion to dismiss Lucre's appeal as moot. For the reasons set forth below, the Court will grant the motion.

Lucre and SBC are parties to an interconnection agreement (the "Agreement"), which they entered into pursuant to the Telecommunications Act of 1996. Under the Agreement, SBC provides Lucre, a local phone service provider, access to its local network and other services, and SBC apparently purchases some of the services Lucre generates.

Prior to October 21, 2005, when Lucre filed its Chapter 11 petition, Lucre and SBC were involved in two lawsuits and at least two administrative actions before the Michigan Public Service

Commission ("MPSC").  One of the proceedings before the MPSC resulted in a contested order dated August 1, 2005, directing Lucre to pay SBC $1,336,561.76 for past services that SBC rendered under the Agreement.  Lucre filed both of the lawsuits in Kent County Circuit Court because SBC was threatening to terminate the Agreement.  In the first suit, filed in 2004, the state court issued a preliminary injunction enjoining SBC from terminating services to Lucre.  Lucre filed the second suit in 2005, which resulted in a second preliminary order enjoining SBC from terminating services.  SBC moved the state court to terminate the injunction in the 2004 lawsuit based upon the contested MPSC order, and the court set a hearing on the request for October 21, 2005 – the day that Lucre filed its Chapter 11 petition.  A final hearing regarding the injunction in the 2005 lawsuit had been set for October 31, 2005.  Consequently, the Chapter 11 petition stayed both actions, leaving the preliminary injunctions in place.

On January 17, 2006, SBC filed a motion for relief from the automatic stay with respect to the Agreement.  It requested, among other things, that the bankruptcy court modify the automatic stay to permit it to attempt to dissolve the state court injunctions that were preventing it from discontinuing services to Lucre based upon Lucre's alleged breach of the Agreement.  On March 20, 2006, the bankruptcy court issued an opinion in which it concluded that SBC's motion should be granted in part.  It determined that because the Agreement is, at bottom, an executory contract, SBC, as a party to the contract, has the right to cease performing because of Lucre's pre-petition material breach.  *See In re Lucre, Inc.*, 339 B.R. 648, 651-52 (W.D. Mich. 2006).  The bankruptcy court also concluded that "neither Section 362 nor any other section of the Bankruptcy Code prohibits SBC from refusing to continue performance under the interconnection agreement because of Lucre's alleged pre-petition breach of that agreement."  *Id.* at 662.  Therefore, the court granted the motion

2

for the limited purpose of allowing SBC to attempt to have the state court dissolve the preliminary injunctions to allow SBC to terminate the Agreement. The bankruptcy court noted, however, that Lucre had two alternatives available to stave off the termination: (1) file an adversary proceeding seeking an injunction; or (2) move to assume the Agreement pursuant to 11 U.S.C. § 365(a). *See id.*

On April 26, 2006, after Lucre filed its appeal of the March 20, 2006, order, Lucre filed in the bankruptcy court a motion to assume the Agreement pursuant to 11 U.S.C. § 365 and Bankruptcy Rules 6006 and 9014. On April 27, 2006, Lucre filed an adversary proceeding against SBC seeking an injunction. On May 9, 2006, the bankruptcy court entered an order enjoining SBC from "withholding, discontinuing, or refusing performance of any service or obligation due [Lucre] under the terms of the interconnection agreement between [Lucre] and SBC . . . to the extent that the basis for SBC's withholding, discontinuing, or refusing performance of the service or obligation is or would be [Lucre]'s pre-petition default under the interconnection agreement." (5/9/06 Order at 2.) The bankruptcy court specified that the injunction would remain in place until it decided Lucre's motion to assume the interconnection agreement.

Because mootness implicates a federal court's jurisdiction under Article III's "case or controversy" requirement, courts lack judicial power to entertain and decide moot cases. *See Los Angeles County v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383 (1979). A case becomes moot "'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951 (1969)). Stated differently, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that occur subsequent to the filing of a lawsuit or an

3

appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (per curiam). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 469 F.3d 500, 504 (6th Cir. 2006).

The issue before the bankruptcy court was whether the Bankruptcy Code, specifically, Sections 362 and 365, precluded SBC from withholding services to Lucre under the Agreement based upon Lucre's pre-petition breach. The bankruptcy court's subsequent grant of an injunction precluding SBC from withholding services based upon Lucre's alleged pre-petition default renders the instant appeal moot because, regardless of whether this Court affirms or reverses the bankruptcy court's March 20, 2006, order, the subsequent injunction would preclude SBC from withholding services based upon Lucre's alleged pre-petition default. Lucre's argument that the appeal is not moot because the injunction does not address whether SBC may withhold services for reasons other than Lucre's alleged pre-petition default must be rejected because the only issue before the bankruptcy court, and the only issue presented on appeal, was whether SBC could withhold services based upon the pre-petition default.

Lucre contends that even if the issue is moot, the Court should review it under the exception for conduct that is capable of repetition yet evading review. This exception to the mootness doctrine applies where: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same action will occur again. *See Rosales-Garcia v. Holland*, 322 F.3d 386, 396 (6th Cir. 2003). Assuming that this exception could apply in this case, Lucre fails to explain why there is a reasonable expectation that

Lucre will be subject to the same action again. The bankruptcy court has precluded SBC from withholding services under the Agreement until such time as it decides Lucre's motion to assume. Because the bankruptcy court's decision on that motion will control the issue, there is no reason to believe that Lucre will find itself in the position that precipitated the appeal.

### Conclusion

For the foregoing reasons, the Court will grant SBC's motion to dismiss the appeal as moot.

An Order consistent with this Opinion will be entered.


Dated:  January 23, 2007                     /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE